**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MAMADOU CISSE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-02631 |
| | § | |
| GRANT DICKEY, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

**ORDER**

Before the Court is Petitioner Mamadou Cisse's Petition for Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.    BACKGROUND

Respondents did not dispute the following facts. Petitioner is a citizen of Mali who entered the United States without inspection in 2023. ECF No. 5 at 2. For more than two years, he has lived openly in the Untied States. Upon entry, Respondents "encountered Petitioner and processed him for an order of recognizance." *Id.* Respondents make no allegation that Petitioner failed to comply with his conditions of release on recognizance. Nonetheless, Respondents re-detained Petitioner on July 24, 2025, at a routine ICE check-in. ECF No. 1 at ¶ 10; ECF No. 5 at 2.

Petitioner remains in custody, and his removal proceedings are ongoing. The Government's position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

Petitioner's re-detention causes severe harm. ECF No. 1 at ¶¶ 17-21. Petitioner is unable to support is wife and children while he is detained. Petitioner has two minor children, ages 2 and 9 months, both of whom are U.S. citizens. *Id.*

## II.    ANALYSIS

Petitioner argues that his re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address her other claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

## III.    RELIEF

The Court therefore **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 13, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 24, 2026.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on April 10, 2026.

Keith P. Ellison
United States District Judge